UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| QUINTON P. BROWN, | No.   2:13-CV-00428-SMJ |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| EMERALD STATE OF WASHINGTON, BERNIE WARNER, and HENRY BROWNE, | |
| Defendants. | |

Before the Court, without oral argument, is Defendants' Motion to Dismiss, ECF No. 27.   Defendants ask the Court to dismiss Plaintiff's First Amended Complaint, ECF No. 14, under Federal Rule of Civil Procedure 12(c). Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants Defendants' construed Motion to Dismiss.

## I.    BACKGROUND[1]

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed his First Amended Complaint, ECF No. 14, on April 20, 2014. In it, Plaintiff names the

---

[1] This section is based on the allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court construes pleadings in the light most favorable to the plaintiff and accepts all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom, as true. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

State of Washington; Bernard Warner, the Secretary of the Washington State Department of Corrections ("DOC"); and Henry Browne, a business advisor at the Airway Heights Corrections Center as Defendants. Plaintiff has previously filed a number of lawsuits against various DOC officials, including *Brown v. Alden, et al.* NO. CV-09-5089-RFW (E.D. Wash.), which resulted in a settlement. ECF No. 14.

Here, Plaintiff brings a claim under 42 U.S.C. § 1983 after Defendants withdrew some of the settlement funds from his personal inmate account. ECF No. 14 at 18. Specifically, Plaintiff argues that RCW 72.09.111 and RCW 72.09.480, the statutes authorizing the withdrawal of legal financial obligations and other fees and costs from prisoner accounts, are unconstitutional under Article I, Section 15 of the Washington State Constitution and the withdrawal goes against RCW 9.92.110. *Id.* at 3-4. He also alleges that the withdrawal violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. *Id.*

Defendants have asked to dismiss Plaintiff's allegations under Rule 12(c). ECF No. 27 at 1. Defendants argue that dismissal on the pleadings is proper as a matter of law because (1) Plaintiff has waived his ability to challenge the mandatory statutory deduction taken from his account by the terms of the settlement; (2) he has failed to sufficiently allege a Fourteenth Amendment equal protection violation, (3) he cannot establish a Fifth Amendment due process

violation, (4) he has failed to show an unconstitutional forfeiture in violation of the Washington State Constitution or law, (5) he has failed to adequately allege the personal participation of Defendants Browne and Warner, and (6) the Eleventh Amendment bars suit against Washington State and the DOC. *Id.* at 8-17.

In turn, Plaintiff responds that he did not waive his right to pursue constitutional claims, that his constitutional claims have merit, that RCW 4.92.090 serves to abrogate sovereign immunity in the suit, and that he has sufficiently pled Defendant Warner's and Defendant Browne's personal involvement to survive the motion to dismiss. ECF No. 31. Further, in his response, Plaintiff also claims that the withdrawal of funds from his account went against the terms of his original plea agreement and was therefore improper. *Id.* at 18-19.

Even after a liberal construction of the complaint, this Court finds that Plaintiff cannot prevail on his claims as a matter of law. Indeed, the Washington State Supreme Court and the Ninth Circuit have previously dismissed like challenges to the same statutes Plaintiff seeks to invalidate.[2]

## II.   ANALYSIS

**A.   Legal standard.**

A party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial. Fed. R. Civ. P. 12(c). Pursuant to

---

[2] The Court does not address Defendants' waiver or Eleventh Amendment immunity argument.

Federal Rule of Civil Procedure 7(a), pleadings consist of a complaint and an answer. Defendants have not filed an answer in the present case. While a motion for judgment on the pleadings may not be filed before an answer is submitted, such a motion may be treated by the Court as one to dismiss pursuant to Rule 12(b)(6). 2 James Wm. Moore et al., Moore's Federal Practice § 12.38 (3d ed. 2005). This Court opts to treat Defendants' Motion to Dismiss, ECF No. 27, as such.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). Generally, a court's review is limited to the complaint. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Courts may, however, consider matters subject to judicial notice and documents incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998.

To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). But, in this Circuit, prisoners proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

**B.    State law claims.**

By statute, "[w]hen an inmate . . . receives any funds from a settlement or award resulting from a legal action, the additional funds shall be subject to the deductions in RCW 72.09.111(1)(a)." RCW 72.09.480(3). In turn, the referenced statute mandates the secretary of the DOC to "deduct taxes and legal financial obligations" from these funds and sets-up a percentage scheme to do so. *See* RCW 72.09.111(1)(a). Plaintiff argues that these statutes contravene the commands of article I, section 15[3] of the Washington State Constitution and RCW 9.92.110.[4]

This claim necessarily fails. Under article I, section 15, "a conviction only works a prohibited forfeiture if it incapacitates the convict from owning property." *State v. Wiens*, 77 Wn. App. 651, 656 (1995).

It does not prohibit forfeiture for a variety of other rational and legitimate purposes, such as punishing the defendant to a degree

---

[3] Aricle I, section 15 establishes that "[n]o conviction shall work corruption of blood, nor forfeiture of estate."

[4] In relevant part, RCW 9.92.110 establishes that "A conviction of crime shall not work a forfeiture of any property, real or personal, or of any right or interest therein. All forfeitures in the nature of deodands, or in case of suicide or where a person flees from justice, are abolished."

ORDER - 5

commensurate with the crimes (fines); rehabilitating the defendant by requiring restitution or other monetary payments; or depriving the defendant of the fruits or instrumentalities of the crime.

*State v. Young*, 63 Wn. App. 324, 328-29 (1991) (citing *Leonard v. Seattle*, 81 Wn.2d 479, 485 (1972); *State v. Barr*, 99 Wn.2d 75, 77 (1983); *Crape v. Mount* , 32 Wn. App. 567 (1982)). Here, as a matter of law, withdrawing legal financial obligations from inmate accounts pursuant to RCW 72.09.110 serves the rational and legitimate purpose of ensuring that "'[a]ll citizens, the public and inmates alike, have a personal and fiscal obligation in the corrections system.'" *In re Pierce*, 173 Wn.2d 372, 387 (2011) (quoting RCW 72.09.010(5)(e)). Plaintiff has not sufficiently pled and, as a matter of law, cannot establish that RCW 72.09.110 and RCW 72.09.480 incapacitate his ability to own property as a result of conviction. Accordingly, this Court grants Defendants' motion to dismiss as to Plaintiff's claim that the withdrawal of settlement funds from his inmate account violates article I, section 15 of the Washington State Constitution.

Plaintiff's statutory claim fails for much the same reason. There is no violation of RCW 9.92.110 when the DOC seizes property because of a person's confinement following a conviction and not because of the person's underlying conviction. *Willoughby v. Dep't of Labor and Indus.*, 147 Wn.2d 725, 732 (2002). While Plaintiff is confined because of his conviction, RCW 72.09.110 and RCW 72.09.480 authorize the DOC to withdraw funds from his inmate account because

ORDER - 6

of his confinement and not because of his conviction. *See Greenhalgh v. Dep't of Corrections*, 180 Wn.2d 876, 889 (2014).  Plaintiff has not sufficiently pled and, as a matter of law, cannot establish that RCW 72.09.110 and RCW 72.09.480 authorized withdrawal of funds from his inmate account as a result of his conviction and not his confinement. Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiff's contention that the withdrawal of settlement funds from his inmate account violates RCW 9.92.110.

In his response to the Motion to Dismiss, Plaintiff also argues, for the first time, that the withdrawal of funds violates the terms of his judgment and sentence in which the trial court waived payment of costs of incarceration. ECF No. 31 at 17-19. Even if this claim were sufficiently pled in Plaintiff's complaint, it would still fail. The Washington Supreme Court has explicitly held that "the [DOC] may collect costs of incarceration under RCW 72.09.111 and RCW 72.08480 regardless of the trial court's waiver of costs of incarceration." *In re Pierce*, 173 Wn.2d at 387.

Properly understood, Plaintiff's complaint, in large part, asks this Court to disregard or overrule existing state court case law interpreting state statutes and the Washington State Constitution. This Court cannot do so. State courts are the final arbiters of the state's own law, and this Court is not in a position to examine the correctness of the state court decisions. *See Mullaney v. Wilbur*, 421 U.S. 684,

691 (1975); *Wardius v. Oregon*, 412 U.S. 470, 477 (1973). On the state law issues in the present matter, Washington State courts have interpreted the relevant statutes and constitution in such a way that no set of facts could support Plaintiff's argument. Accordingly, dismissal of these claims on Defendants' motion is warranted.

## C.    Federal law claims.

In his complaint, Plaintiff also claims that Defendants' withdrawing funds from his inmate account pursuant to RCW 72.09.111 and RCW 72.09.480 violated his right to substantive due process and equal protection under the Fifth and Fourteenth Amendments of the Constitution. ECF No. 14 at 4-6. Plaintiff is mistaken. Given that the purposes of RCW 72.09.111 and RCW 72.09.480 are rationally related to a legitimate state interest and have a valid public purpose, Plaintiff's constitutional claims necessarily fail.

It is well established that a court will only "strike down a statute on substantive due process grounds if it is arbitrary and irrational" *Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997) (citing *Del Monte Dunes v. City of Monterey*, 920 F.2d 1496, 1508 (9th Cir. 1990)). To survive a substantive due process challenge, the legislation in question must have "a valid public purpose." *Id.* Similarly, to survive an equal protection challenge when no

suspect or quasi-suspect class is implicated, the legislation in question must be "rationally related to a legitimate state interest." *Id.* at 1163.

With regard to RCW 72.09.111 and other related statutes, the Ninth Circuit has held in an unpublished opinion that "[n]either substantive due process nor equal protection are implicated because the Washington legislature's stated reasons for the statutes provide a rational basis for their enactment." *Peterson v. Lowry*, 151 F.3d 13 at *1 (1998) (unpublished). This Court finds this reasoning persuasive. As discussed above, the legislature's stated purpose of ensuring that "[a]ll citizens, the public and inmates alike, have a personal and fiscal obligation in the corrections system," RCW 72.09.010(5)(e), is sufficient to survive Plaintiff's substantive due process and equal protection challenges.[5] Accordingly, dismissal of these claims on Defendants' motion is warranted.

### III.   <u>CONCLUSION</u>

This court is mindful that prior to dismissal of a *pro se* prisoner's complaint, it must ordinarily instruct the litigant as to the deficiencies in his complaint and grant him leave to amend it. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). However, a court may dismiss a *pro se* complaint outright in situations where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th

---

[5] Plaintiff does not claim that he is a member of a suspect or quasi-suspect class.

ORDER - 9

1    Cir. 1980) (per curiam). Here, Plaintiff's challenges to RCW 72.09.111 and RCW

2    72.09.480 cannot prevail under any factual scenario. Washington State courts

3    have resolved Plaintiff's state law arguments. The Ninth Circuit has done the

4    same with the federal law claims, albeit in an unpublished opinion. This Court is

5    in no position to disregard existing precedent.

6        Accordingly, **IT IS HEREBY ORDERED**:

7        **1.**    Defendants' construed Motion to Dismiss, **ECF No. 27**, is

8            **GRANTED**.

9        **2.**    Plaintiff's claims against Defendants are **DISMISSED WITH**

10            **PREJUDICE**.

11        **3.**    All other pending motions are **DENIED AS MOOT**.

12        **4.**    All hearings and other deadlines are **STRICKEN**.

13        **5.**    The Clerk's Office is directed to **CLOSE** this file.

14        **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order

15    and provide copies to all counsel and to Plaintiff.

16        **DATED** this 22nd day of October 2014.

17                _____

18                SALVADOR MENDOZA, JR.
                United States District Judge

19

20

Q:\SMJ\Civil\2013\Brown v. State of WA-0428\ord. granting mot. to dismiss.docx

ORDER **-** 10